[Cite as *Shutway v. Ohio Dept. of Transp., Dist. 11*, 2010-Ohio-6198.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KAREN SHUTWAY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 11

    Defendant

    Case No. 2010-04866-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Karen Shutway, filed this action against defendant, Department of Transportation (ODOT), contending that the tire on her car was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining a hazardous condition on State Route 149 in Belmont County. Specifically, plaintiff claimed the left rear tire on her car was punctured on February 22, 2010 by a dislodged raised pavement marker (RPM or reflector) that was uprooted from the roadway surface when ODOT conducted previous snow removal operations on State Route 149. Plaintiff related, "[a]fter this incident, I noticed several others (RPMs) that were plucked out by ODOT snow plow." Plaintiff requested damage recovery in the amount of $79.13, the cost of a replacement tire. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose road reflector on State Route 149 prior to plaintiff's property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding a loose road reflector "prior to plaintiff's incident." Defendant argued plaintiff failed to produce any evidence to establish the length of time

the RPM was dislodged from the roadway prior to her February 22, 2010 damage event. Defendant explained the location of the reflector would correspond to "approximately milepost 27.80 on SR 149 in Belmont County." Defendant suggested, "the loose reflector existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended plaintiff did not offer evidence to prove her property damage was attributable to conduct on the part of ODOT personnel. Defendant acknowledged ODOT crews conducted various maintenance operations in the vicinity of milepost 27.80 on seventeen occasions during the six-month period preceding February 22, 2010. Defendant's submitted maintenance records show ODOT personnel performed "care for shrubs, plants, trees" in the vicinity of milepost 27.80 on the day of plaintiff's property damage event. Defendant stated "[i]f ODOT work crews noticed a defect with the reflector . . . they would have immediately repaired it." Defendant did not provide any record of snow removal operations conducted by ODOT personnel on State Route 149 during the winter season of 2009-2010.

{¶ 4} Plaintiff filed a response acknowledging she has "no way of knowing if this reflector was loose or even for how long." Plaintiff again asserted the reflector that damaged her tire was dislodged by ODOT crews conducting snow removal operations on State Route 149.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of

fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 6}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has the duty to exercise reasonable care for the motoring public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD.

**{¶ 7}** Ordinarily in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no proof defendant had actual notice or constructive notice of the raised pavement marker despite the fact that ODOT crews were in the area on February 22, 2010.

**{¶ 8}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Evidence is inconclusive whether or not the damage-causing pavement marker was originally dislodged from the roadway by defendant's personnel.

**{¶ 9}** "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary

that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 10} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her or that her property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing reflector was connected to any conduct under the control of defendant, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

{¶ 11} Finally, plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the dislodged reflector.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KAREN SHUTWAY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 11

    Defendant

    Case No. 2010-04866-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Karen Shutway
40300 Poland Farm Road
Flushing, Ohio 43977

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
6/30
Filed 8/17/10
Sent to S.C. reporter 12/10/10